IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LONNIE O. COOK                                                                                    PLAINTIFF

v.                               Civil No. 12-2064

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lonnie Cook, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his applications for DIB and SSI on March 31, 2010, and June 17, 2010, respectively, alleging an onset date of March 1, 2007, due to hepatitis C, anxiety, depression, and high blood pressure.[2] Tr. 107-112, 144, 181. His claims were denied both initially and upon reconsideration. Tr. 46-62. An administrative hearing was then held on September 7, 2011. Tr. 19-43. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 54 years of age and possessed an eighth grade education. Tr. 30, 32, 42 . He had past relevant work ("PRW") as a short order cook, material handler, construction handler, plumber's helper, and maintenance worker. Tr. 17, 30-35, 39-40, 145, 184-195.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]The Administration had previously denied a 2009 application at the initial level in October 2009. Tr. 118, 130, 134.

On November 10, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's generalized anxiety disorder, depressive disorder, antisocial personality disorder, degenerative joint disease of the cervical and lumbar spines, and obesity did not meet or equal any Appendix 1 listing. Tr. 11-14. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work except he can only perform work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes. Further, the ALJ determined Plaintiff could have no more than incidental contact with coworkers, supervisors and the general public. Tr. 14-16. With the assistance of a vocational expert, the ALJ then found that Plaintiff could perform work as a bench assembler and maid/house cleaner. Tr. 18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 26, 2012. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the

case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

3

**III.　Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ found Plaintiff's degenerative joint disease of the cervical and lumbar spines to constitute severe impairments. In April 2003, x-rays revealed degenerative changes including endplate sclerosis, as well as sclerosis involving the posterior elements.

On July 23, 2010, Randolf Naeger, a Nurse Practitioner at the Community Clinic of Springdale, completed a medical source statement. Tr. 383-387. Mr. Naeger indicated that he had been treating Plaintiff since December 12, 2007, although we note it appears that not all of these records are contained in the file. Plaintiff was diagnosed with hypertension, anxiety, depression, insomnia, hyperlipidemia. Mr. Naeger concluded Plaintiff could frequently lift less than 10 pounds, occasionally lift up to 20

pounds, and never lift 50 pounds; occasionally twist, stoop, and climb ladders and stairs; rarely crouch; sit for 15 minutes before needing to get up; stand for five minutes before needing to change positions; sit/stand/walk for a total of two hours each per day; must walk around every 15 minutes for about 5 minutes; would need a job that permits shifting positions at will from sitting, standing, or walking; and, would require unscheduled breaks during an 8 hour work day every hour for about 10 minutes before returning to work. He also indicated that Plaintiff would have significant limitations with regard to reaching, handling or fingering and would miss, on average, more than 4 days per month of work

On July 27, 2010, Plaintiff underwent a general physical exam. Tr. 334-340. The examination revealed a decreased range of motion in his shoulders, hands, ankles, and lumbar spine; 70% normal grip strength in the right hand; 60% grip strength in the left hand; a positive straight leg raise test at 90 degrees bilaterally; and, bilateral muscle weakness and sensory abnormalities in the feet. Plaintiff was able to hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin, and stand and walk without assistive devices. However, he could not walk on heel and toes or squat/rise from squatting position. Plaintiff was diagnosed with degenerative joint disease in cervical and lumbar spine, and assessed with severe limitations regarding his ability to walk and moderate limitations lifting and carrying.

On August 16, 2011, Dr. Robert Russell treated Plaintiff for pain in multiple joint sites and gout. Tr. 509-510. Records indicate that he was taking Allopurinol, and advised to return for a follow-up in two months.

After reviewing the record, we note that the aforementioned evidence is the only evidence from examining sources that provides any guidance regarding Plaintiff's physical work-related limitations. And, we note that the ALJ discounted both of these assessments in favor of the assessment of a non-examining, consultative physician concluding that Plaintiff could perform a full range of light work. Tr. 341-348. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a

5

consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). It appears, however, that the Plaintiff may have some additional limitations that would limit his ability to perform light work. Specifically, this evidence calls into question Plaintiff's ability to walk for six hours per 8-hour workday and perform other postural activities such as twisting, stooping, bending, crouching, crawling, and climbing. *See* Social Security Ruling 83–10 (defining light work as requiring claimant be capable of standing or walking for a total of six hours out of an eight-hour work day and occasionally bend and stoop). Further, his limited grip strength bilaterally would also likely impact his ability to handle and finger. Accordingly ,we believe that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC, and to obtain an orthopedic consultative examination to determine Plaintiff's true limitations.

On remand, the ALJ is also directed to develop the record with regard to the records from Mr. Naeger. Specifically, the ALJ should request any and all medical records from Mr. Naeger, and ask Mr. Naeger to provide an explanation of his RFC assessment and the objective medical bases for his opinion.

Additionally, the record indicates that Plaintiff's financial and transportation constraints may have impacted his ability to obtain consistent medical treatment. This was not, however, considered by the ALJ. *See Stone v. Harris,* 657 F.2d 210, 212 (8th Cir. 1981) (holding that in determining whether an impairment is reasonably remediable, the question is whether it is reasonably remediable by the particular individual involved, given his or her social and psychological situation). Therefore, on remand, the ALJ should also consider the financial and transportation impediments to Plaintiff's ability to obtain medical treatment.

### IV.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

6

DATED this 26th day of June 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)